### GHOLSON v. NORTHSIDE CHEVROLET CO.

No. 13284.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1935.

Rehearing Denied Feb. 14, 1936.

John S. Morris, of Fort Worth, for appellant.

L. J. Wardlaw, of Fort Worth, for appellee.

BROWN, Justice.

J. M. Gholson brought suit in the justice of the peace court against one Ella Bryant for debt and foreclosure of an oral lien upon a certain Chevrolet coupé, and caused a writ of sequestration to be issued which was placed in the hands of the constable of said justice's precinct, and, when the constable took the car into his possession, he appraised its reasonable value at $250.

When appellee, Northside Chevrolet Company, made a proper claimant's oath and bond after the seizure and the oath and bond were properly filed in the county court at law No. 1, Tarrant county, issues were ordered to be joined, and Gholson, as plaintiff, filed a pleading, in substance, as follows: That he filed a suit in the justice court, precinct No. 1, Tarrant county, Tex., against one Ella Bryant, which cause is still pending and undisposed of, and which suit was for debt within the jurisdiction of such court and "to foreclose a valid oral lien upon and against the automobile described in the claimant's oath and bond filed in this cause"; that the said claimant filed a claimant's oath and bond as the law directs, and upon the valuation placed on the car by the constable the cause was properly filed in said county court. This is the substance of the first paragraph of his pleading.

The second paragraph, with the prayer, is as follows:

"This plaintiff shows to the court that he is entitled to have such lien established against said car and its foreclosure as against the said claimant herein, for the reason that said claimant is not an innocent purchaser for value, and that the said rights of this plaintiff are superior to the said rights of such claimant, and that in the event said property has been disposed of, then and in that event, that this plaintiff have judgment against said claimant as of conversion and for the value of said automobile at said time, not exceeding the amount of plaintiff's debt and costs, and that he likewise have judgment in such event against said claimant and his bondsmen on said claimant's oath and bond; that the debt of this plaintiff against the said Ella Bryant is the sum of $193.60.

"Wherefore, plaintiff prays herein as set forth in the above paragraph No. 2 herein."

Upon a trial of the case, after same was properly transferred to the county court at law No. 2, Tarrant county, Tex., judgment was entered denying Gholson any relief and taxing the costs against him. From this judgment he has appealed to this court.

Appellee, defendant below, demurred generally to appellant's said pleading, and this demurrer was overruled and answered to the effect that it had purchased the said car without notice of any claim on the part of Gholson.

It will be noticed that Gholson did not make Ella Bryant a party defendant to the proceedings. Therefore the trial court was without jurisdiction or authority to establish and foreclose any lien asserted by Gholson against Ella Bryant, and, the value of the car being such that the justice of the peace court is without authority to establish and foreclose such lien, this issue was not before either of the courts.

With the case in the condition in which we find it from the record, it is clear that all Gholson could have done would have been to establish that he had a valid debt against Ella Bryant and a valid lien which he was entitled to foreclose as against the claimant, but his testimony discloses that he paid off a debt against the car which was owing to Gause-Ware Funeral Home and secured by a chattel mortgage on the car, executed by Mrs. E. R. Hornsby. Without anything else in the record, Gholson testified that Mrs. Ella Bryant owed him the money he paid on the note due Gause-Ware Funeral Home in the sum of $193.60; that Mrs. Bryant told him several times she would make him a mortgage, give him a mortgage on the car. Gholson testified that, after he paid the note off, Mrs. Bryant refused to give him

581

the lien. Thus it will be seen that Gholson has not brought his suit on the theory of subrogation to the rights of the original mortgagee, to which he may be entitled, under proper pleading and proof, and he has not established an oral chattel mortgage lien.

The judgment of the trial court is affirmed.